THOMAS' EX'OR
vs.
THOMAS.

---

ORD. PET.

Case 25.

## Thomas' Executor *vs.* Thomas.

### APPEAL FROM NELSON CIRCUIT.

1. It is too late to ask the court to dismiss a suit after plaintiff's testimony has been heard, or to instruct the jury to find for the defendant in a suit against an administrator or executor, because the plaintiff had failed to prove a demand, and the production of the affidavit required by the 2nd article of the 37th chapter of the Revised Statutes. After plaintiff's testimony is heard, this requisition of the Statute will be regarded as waived.

2. The appropriate time for calling for such evidence of demand, and the exhibition of the affidavit, is before the trial; and the mode, by affidavit of defendant that the requisitions of the statute have not been performed, and a rule upon plaintiff to show cause why the suit should not be dismissed.

3. The defendant asked the court to instruct the jury "that if they believed from the evidence that plaintiff and testator in his life time had a settlement in January, 1851, and in pursuance of said settlement a note was executed by defendant's intestate to plaintiff, and accepted by him, such a settlement is a circumstance from which they may presume that the demands were settled between the parties up to the time of said settlement." The court refused so to give the instruction, but appended to it the words: "provided they find from the proof that the debt sued for was included in said settlement." Held—that this modification was misleading—it implying that *other* proof beside the settlement itself was necessary to authorize the jury to find that the demand sued for was included in the settlement.

4. It is error for the court to refer questions of law to the jury, when it is asked to instruct on the question.

This suit was brought by B. H. Thomas, against the executors of R. G. Thomas, to recover compensation for personal services rendered to the testator. The justice of the claim was denied, and limitation relied on, and a trial had and verdict and judgment for $500 damages. Defendants moved a new trial, which was overruled, and they have brought the case up for revision, complaining of errors in the progress of the trial, and in refusing a new trial.

*W. Johnson,* for appellant—

1. There was no demand made before the institution of the suit, accompanied by the necessary affidavit.

2. The petition does not state a valid cause of action.

3. The plaintiff has filed no affidavit of the justice of his demand. (*See Code of Practice, sec.* 473, *page* 123; *Revised Statutes, chap.* 3, *art.* 2, *sec.* 35–36.) The statute and Code took effect ten days before the institution of this suit.

The court erred in refusing to instruct the jury to find for the defendant after the plaintiff had closed his testimony, and had failed to prove the making of the affidavit and demand required by the statute, and hearing further testimony of plaintiff after the motion. This objection was properly taken, and is allowed either by motion or in arrest of judgment. (*Code of Practice, sec.* 123, *page* 33; *Fible vs. Caplinger,* 13 *B. Monroe,* 464.)

The affidavit and demand was matter of proof, and not available on demurrer or by way of answer. It was not proper to bring the action until the affidavit and demand was made.

*Grigsby & Newman,* on the same side—

1. The verdict of the jury is not sustained by the evidence. The plaintiff lived five years with his father, from January, 1845, until January, 1850. This suit was brought 10th July, 1854, so that the

whole claim was cut off by the statute of limitation except a fraction of one year—about six months. The verdict therefore should not have exceeded one hundred dollars, if any recovery was authorized.

2. The addition or qualification added to the instruction asked by defendant was erroneous and misleading, which gave the jury the privilege of deciding whether the compensation to plaintiff for his services was or was not to be paid annually. This was a question for the court, and not for the jury to decide. But if the jury had the right to determine from the evidence when compensation was to be made, they have grossly abused their discretion.

3. The court in substance told the jury that they, upon a certain hypothesis, "should find for the plaintiff what he could have gotten from others or made." This was abstract, as there was no proof before the jury conducing to show what the plaintiff could have gotten from others or could have made.

The court erred in qualifying the instruction No. 3, which is in these words: "That if they believe from the evidence that the plaintiff, R. G. Thomas, in his life time, had a settlement in January, 1851, and in pursuance of said settlement a note was executed by R. G. Thomas to plaintiff, and accepted by him, such note and settlement is a circumstance from which they may presume that all demands were settled between the parties up to the time of said settlement." The court refused to give said instruction, but added these words: "Provided they find from the proof the debt sued for was included in that settlement." This was calculated to mislead the jury, and induce them to conclude that *other* proof than the settlement itself was necessary to authorize them to presume that the debt sued for had been embraced by the settlement. A reversal is asked.

*James Harlan*, for appellee—

1. The evidence was conflicting, and it is a case in which this court cannot interfere to grant a new

trial. The jury were the judges of the weight of evidence.

<div style="float:right">Thomas' Ex'or<br>vs.<br>Thomas.</div>

2. Before the adoption of the Code of Practice, the court might in its discretion permit the plaintiff to introduce further testimony, though he had announced that he was through, and a motion made for non-suit. (*Fightmaster vs. Beasley*, 1 *J. J. Marshall*, 606.) Since that decision the discretion of the court has not been restricted.

3. The provisions of the Revised Statutes in regard to the affidavit of a creditor of a deceased person, was substantially complied with. 1. The defendants controverted the justice of the claim against the estate, and declared they would not pay plaintiff anything, unless he recovered it at law. Was it necessary, after such declaration, to make a formal demand. 2. The petition contains every statement required by the statute, and it was sworn to by the plaintiff.

This branch of the defense was but matter of abatement and should have been relied upon in the answer. No issue was made upon this point by the pleadings.

Instruction No. 1 was properly modified by the court. If complainant was not to receive compensation until the service was ended, as the evidence conduced to prove, then the claim was not barred by limitation, otherwise a part only was barred. How the fact was it was the province of the jury to decide.

As to instruction No. 3, as modified by the court, there seems to be no good objection. It was in substance that if the settlement was made and the claim sued upon was included, there could be no recovery in this action. Upon the whole case, the judgment should be affirmed.

Judge Crenshaw delivered the opinion of the Court— January 3.

The 35th section of article 2, chapter 37, of the Revised Statutes, requires that: "All demands against

THOMAS' EX'OR
vs.
THOMAS.

the estate of a decedent shall be verified by the writ-
ten affidavit of the claimant, or in his absence from
the state, by his agent, or if dead, by his personal
representative, stating that the demand is just, and
has never, to his knowledge or belief, been paid, and
that there is no just off-set or discount against the
same, or any usury embraced therein."

The 36th section of the same article and chapter,
provides that: "If any part of the demand has
been paid, or there be any just off-set or discount
against the same, or any usury embraced therein, the
affidavit shall state the amount of the payment or
usury, when the payment was made, and when the
off-set or discount was due to the best of affiant's
knowledge and belief. The verification as above
shall not be held to dispense with other proof as
heretofore required by law. No recovery shall be
had of any such demand until such affidavit be made
and filed in court."

The Code of Practice, page 123, section 473, de-
clares that: "No suit shall be brought against a per-
sonal representative until after a demand is made of
him, accompanied with the affidavit required."

This suit is brought by B. H. Thomas against the
executors of Redman G. Thomas for services averred
to have been performed by him for the testator in his
life time.   No separate affidavit appears to have been
made and presented to the executors, nor any de-
mand made for payment before the commencement
of the suit, as required by the provisions above quot-
ed.   But the petition, without averring any demand,
avers all else required to be contained in an affida-
vit; and the petition is sworn to.   This, according to
the express provisions of the Revised Statutes and of
the Code, is not a compliance therewith.   But the
defendants appeared and answered without making
any objection for want of a previous demand, ac-
companied by an affidavit.   When, however, the
plaintiff was through his testimony, and no proof
having been made of a demand and of the requisite

affidavit, the defendants moved the court to instruct the jury to find for them. The court overruled this motion, and after the testimony upon both sides was closed, the defendant moved the following instruction to the jury: "That they cannot find for plaintiff, unless they find from the proof, the claim sued on had been duly certified by the affidavit of the plaintiff in writing, and a demand made before suit for the debt sued for." This instruction the court refused to give. And the first question presented for our consideration is, whether the court erred in its refusal to instruct the jury as in case of a non-suit, and in refusing to give said instruction to the jury. We think the court committed no error in overruling both of said motions.

It was not necessary that the petition should contain any averment that a proper affidavit had been presented to the defendants, and a demand made of them for payment. The cause of action was complete, and the petition would be good without such averment. A cause of action may exist, and yet it may be necessary to take some preliminary step, before a party has a right to institute a suit. The steps required by the above recited sections of the Revised Statutes and of the Code, do not affect the merits of the action. A just demand, in and of itself, is as meritorious without as with the preliminary steps required to be taken before the commencement of suit.

It is required that, before a non-resident shall *commence* a suit, he shall give bond with surety for costs; and this requisition has never been construed as affecting the merits of an action. Whenever a non-resident has brought his suit without first having given bond with surety for costs, it has never been regarded as constituting a bar to the action, but as matter in abatement only. And, until pleas in abatement were abolished by the Code, a defendant wishing to avail himself of a failure in this respect, had either to plead it in abatement, or have the defect remedied by

THOMAS' EX'OR
vs.
THOMAS.

1. It is too late to ask the court to dismiss a suit after plaintiff's testimony has been heard, or to instruct the jury to find for the defendant in a suit against an administrator or executor, because the plaintiff had failed to prove a demand, and the production of the affidavit required by the 2nd article of the 37th chapter of the Revised Statutes. After plaintiff's testimony is heard, this requisition of the statute will be regarded as waived.

2. The appropriate time for calling for such evidence of demand, and the exhibition of the affidavit, is before the trial; and the mode, by affidavit of defendant that the requisitions of the statute have not been performed, and a rule upon plaintiff to show cause why the suit should not be dismissed.

motion to dismiss upon failure to give bond. No motion for a non-suit, nor in bar by way of instruction to a jury, has ever been sustained for want of such bond.

In the present case the defendants appeared and answered to the merits of the action, making no objection for the want of affidavit and demand before suit, and we think it was too late, after the plaintiff had gone through his testimony, to raise his objection for the first time, that the plaintiff had not complied with this preliminary duty. He might, indeed, have made a demand, accompanied with the required affidavit, before the commencement of his suit, and not be prepared to show it on the trial; when, if objection had been made before entering upon the trial, he might have prepared himself to prove it, or asked a continuance for the purpose of getting his proof upon the subject, if he could not obtain it in time for a trial at that term. The Code does not point out when, nor in what way, objection is to be taken for a failure to make the requisite demand and affidavit, but we think the most appropriate mode is, by way of affidavit by defendants before answer, that the preliminary steps had not been observed by the plaintiff as the foundation of a motion for a rule against him to produce evidence of his compliance with the necessary pre-requisites. Upon such affidavit and rule being made, the plaintiff, if he had, in fact, made the proper demand and affidavit, should then make it manifest, or ask time to do so. And, if the demand and affidavit had not in fact been made, the suit should be dismissed without prejudice.

It is declared in the said 36th section of the Revised Statutes, that "*No recovery* shall be had of any such demand, (as mentioned therein,) until such affidavit be made and filed in court. But, as the affidavit, upon principle, cannot be regarded as affecting the merits of the demand sued for, a failure to require its production before answer, should be esteemed as a waiver of objection for the want of it. Notwith-

standing the requisition of said section, defendants
certainly have the right to waive it; and they should,
in our opinion, be regarded as having done so, unless
they . demand the production of the affidavit before
their answer is filed.  And, as we have already said,
the most appropriate mode of insisting upon a com-
pliance with the law in this respect, is by affidavit on
the part of a defendant, that the preliminary steps
had not been taken, and a motion based thereon for
a rule against the plaintiff.  Whether such steps had
been taken or not, is a matter in the knowledge of
the defendant, and it is not requiring too much of
him to demand from him an affidavit that the plain-
tiff had not performed the requisitions above quoted
before the commencement of his suit.

In this case, however, the allegations of the peti-
tion contain all that is required in an affidavit by the
Revised Statutes.  The petition is sworn to, and this
was a substantial compliance with these requisitions,
though not with the requisitions of the Code.

But we think the court erred in the qualification
given to instruction No. 3, asked by the defendant.
This instruction, in our opinion, was right as asked;
and the qualification, if it does not neutralize it, was
certainly misleading.  The instruction as asked is,
in substance, that from the settlement alluded to, the
jury might infer that the present demand had been
included therein; and the qualification seems to re-
quire of the jury to believe from *other proof* that this
demand had, in fact, been included, before they would
have any right to draw the inference from the facts
hypothecated, that the demand had been adjusted in
that settlement.  The court also erred, as we think,
in submitting to the jury the question whether the
payment for the services of the plaintiff was to be
made annually, or only at their termination.  This
was a question of law, and should have been decided
by the court.  In our opinion, the fair construction of
the agreement as averred, is, that the services were
to be paid for annually.  It was certainly not the un-

THOMAS' Ex'OR
vs.
THOMAS.

3. The de-
fendant asked
the court to in-
struct the jury
"that if they
believed from
the evidence
that plaintiff
and testator in
his life time had
a settlement in
January, 1851,
and in pursu-
ance of said set-
tlement a note
was executed by
defendant's in-
testate to plain-
tiff, and accept-
ed by him, such
settlement is a
circu m s t a n c e
from which they
may presume
that the de-
mands were set-
tled between
the parties up
to the time of
said'settlement.'
The court refus-
ed to give the
instruction, but
appended to it
the words: "pro-
vided they find
from the proof
that the debt
sued for was in-
cluded in said
s e t t l e m e nt."
Held—that this
modi fi c a t i o n
was misleading
—it implying
that *other* proof
beside the set-
tlement itself
was neccessary
to authorize
the jury to find
that the demand
sued for was in-
cluded in the
settlement.

4. It is error for the court to refer questions of law to the jury, when it is asked to instruct on the question.

derstanding of the parties to the alleged agreement, that the plaintiff should go on, it might be for twenty years, or even more, and he to get no remuneration in the meantime.

Wherefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.